UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60092-CR-CANNON/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KHRISHUN GLOVER,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 10) from United States District Judge Aileen M. Cannon, for the purpose of conducting a proceeding for acceptance of guilty pleas by Defendant Khrishun Glover in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on July 28, 2021, recommends to the District Court as follows:

1. On July 28, 2021, the undersigned held a hearing[1] to permit Defendant, Khrishun Glover, to enter a change of plea. At the outset of the hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge,

---

[1] Defendant and his counsel appeared in court before the undersigned. AUSA McClenic appeared by Zoom videoconference with the agreement of Defendant and his counsel and with permission from the undersigned. *See* S.D. Fla. Administrative Order 2021-51 and previous related administrative orders.

at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case.  The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge.  Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4. The Parties have entered into a written Plea Agreement.  ECF No. 12.  The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that he signed and understood the Plea Agreement.  The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there is a mandatory minimum 2-year consecutive sentence for Count 2) and statutory enhancements (there are none).  Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.  Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, and special assessments) that could be imposed in this case.

5. Defendant pleaded guilty to Counts 1 and 2 of the Indictment, which charge him with access device fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1029(a)(2) and 1028A(a)(1). The Government will move to dismiss the remaining counts at sentencing. There is no forfeiture count. There is no appellate waiver in the plea agreement.

6. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 11), which includes all the essential elements of the crimes to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable. Defendant acknowledged on the record that he had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offenses to which he is pleading guilty.

7. The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

8. Defendant expressed satisfaction with his counsel's representation.

9. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Khrishun Glover, be found to have freely and voluntarily entered his guilty pleas to Counts 1 and 2 of the Indictment as more particularly described herein and that he be adjudged guilty of these offenses.

10. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office. **Sentencing has been set for October 13, 2021, at 3:30 p.m. in Fort Pierce before the Honorable Aileen M. Cannon, United States District Judge.** The Parties were advised of this date and time. The Parties

were advised that the sentencing will be in person, not by videoconference.

Accordingly, the undersigned RECOMMENDS that Khrishun Glover's pleas of guilty be accepted, that Defendant be adjudged guilty of the offenses to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of July, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Aileen K. Cannon
U.S. Probation
All counsel of record